IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SILAS GREY,<br><br>                Petitioner,<br><br>vs.<br><br>DON WHITMIRE,<br><br>                Respondent. | **8:24CV80**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the preliminary review of Petitioner Silas Grey's ("Petitioner") Petition for Writ of Habeas Corpus. Filing No. 1. For the following reasons, Petitioner will be given leave to file a supplement to his petition, and his claims relating to the conditions of his confinement will be dismissed without prejudice.

## I. BACKGROUND

In support of his request for habeas relief, Petitioner alleges:

Petitioner is currently committed to the Norfolk Regional Center (NRC) in Norfolk, Nebraska. He began residing at the NRC on November 6, 2015. On March 18, 2022, he was convicted of two felony assaults and discharged from NRC to the Madison County Jail to await sentencing. He was sentenced to two years of imprisonment in the Nebraska Department of Correctional Services. Since Petitioner was not convicted of a sexually motivated crime, he was not required to participate in sex offender treatment while in prison. Filing No. 1 at 18.

When released from prison, Petitioner was involuntarily committed to the custody of the NRC as a dangerous sex offender. This order of commitment was entered without affording Petitioner a hearing or the assistance of counsel.

In the NRC, he is now treated like a dangerous sex offender despite no criminal history of sexual violence, and he is mingled with dangerous sex offenders in group therapy sessions and housing. Filing No. 1 at 19.

Petitioner asks this court to set aside the commitment order and release him. He claims that since he refuses to participate in sex offender treatment at NRC, his sentence will be unlawfully longer and excessive. Petitioner further claims that being confined within the more restrictive housing required for dangerous sex offenders is cruel and unusual punishment. Filing No. 1 at 15, 17.

## II. OVERVIEW OF APPLICABLE LAW

Two strands of federal habeas law intertwine in this case. They are (1) exhaustion and procedural default and (2) exhaustion as it specifically relates to civil commitment proceedings.

**A. Exhaustion and Procedural Default**

Under the exhaustion doctrine, state courts must be afforded a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (B)(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

A state prisoner must present the substance of each federal constitutional claim to the state courts by pursuing one complete round of the State's established appellate review process. *O'Sullivan,* 526 U.S. at 845. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation omitted). Although the language need not be identical, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999). In contrast, "[a] claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (citation omitted).

Where "no state court remedy is available for the unexhausted claim— that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied. But the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless

3

the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

A federal habeas court cannot review federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A credible showing of actual innocence may also allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief, *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), but to do so a petitioner "must show that in light of all the evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Jennings v. United States*, 696 F.3d 759, 764–65 (8th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

**B. Exhaustion in Civil Commitment Proceedings**

The exhaustion requirement which applies to federal habeas petitioners challenging their criminal conviction and/or sentence also applies to civil commitment proceedings. *Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005) (unpublished). As such, a federal habeas petitioner must fully exhaust the necessary state procedures to challenge his civil commitment. *Id.*; *see also Ivey v. Sacriste*, No. 8:19CV153, 2020 WL 6158608, at *8 n.10 (D. Neb. Oct. 21, 2020); *Ivey v. Gibson*, No. 4:07CV3242, 2008 WL 5392136, at *4 n.7 (D. Neb. Dec. 19, 2008).

Under both the Nebraska Mental Health Commitment Act ("MHCA"), Neb. Rev. Stat. 71-901 to 71-964, and the Nebraska Sex Offender Commitment Act ("SOCA"), Neb. Rev. Stat. §§ 71-1201 to 71-1226:[1]

> The subject of a petition or the county attorney may appeal a treatment order of the mental health board . . . to the district court. Such appeals shall be de novo on the record. A final order of the district court may be appealed to the Court of Appeals in accordance with the procedure in criminal cases. The final judgment of the court shall be certified to and become a part of the records of the mental health board with respect to the subject.

Neb. Rev. Stat. §§ 71-930, 71-1214. The procedure for challenging a Nebraska commitment order "is not a criminal appeal and postconviction proceeding" pursuant to Neb. Rev. Stat. § 29-3001, but it is "nearly identical state-court procedural due process." *Ivey,* 2020 WL 6158608, at *8; *Ivey,* 2008 WL 5392136, at *4; *see also Anderson v. Sacriste*, No. 8:19CV172, 2021 WL 83384, at *3 (D. Neb. Jan. 11, 2021) (explaining that under Nebraska law an appeal of a commitment order under SOCA must be brought 30 days following the entry of the order) (citing Neb. Rev. Stat. § 25-1912); *In re Interest of Saville*, 10 Neb. App. 194, 626 N.W.2d 644, 648 (Neb. Ct. App. 2001) (holding an adjudication by a mental health board that an individual is "a mentally ill dangerous person" under the MHCA is a final and appealable order which has to be appealed within 30 days).

### III. DISCUSSION

Irrespective of whether Petitioner was afforded a hearing, he could have appealed the Commitment Order which placed him in NRC custody. Once that order was entered, Petitioner had to timely challenge it in the Nebraska state

---

[1] While Petitioner's allegations indicate a SOCA commitment order was entered, the Petition does not clearly state whether the commitment order was entered pursuant to MHCA or SOCA. However, for the purpose of the issues before the Court, the statutory source is irrelevant because, as reflected in their statutory language, the MHCA and SOCA appeal processes are identical.

5

courts before filing a federal habeas action. *Martinez v. Whitmire*, No. 8:20CV271, 2025 WL 870083, at *10 (D. Neb. Mar. 20, 2025).

Based on the Petition, it appears Petitioner did not appeal the commitment order of the Mental Health Board which placed him in NRC custody. But it also appears he interpreted the questions in this Court's form Petition as asking solely about criminal convictions and custody. Recognizing that he is not currently in custody due to a criminal conviction, Petitioner answered "NA" to nearly every question regarding the procedural history of his civil commitment proceedings. To avoid the risk of misinterpreting the answers (or lack thereof) in the Petition, the Court will give Petitioner an opportunity to file a supplement to his Petition.

The Petitioner also claims his Due Process, Equal Protection, and Eighth Amendment rights are being violated, explaining his confinement is unreasonably dangerous since he is housed with convicted sex offenders, and it will be excessively prolonged because he does not participate in sex offender treatment programs. Filing No. 1 at 17. Petitioner seeks "release from inpatient commitment/confinement" as injunctive relief for these alleged Constitutional violations. Filing No. 1 at 15.

But "a § 2254 petition is not the proper way to raise claims about problematic conditions of confinement." *Canada v. Minnesota*, No. 25-cv-808, 2025 WL 1726223, at *2 (D. Minn. Mar. 27, 2025) (citing *Kruger v. Erickson*, 77 F.3d 1071 (8th Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)); *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014)). And this is plainly, exclusively, a § 2254 petition: "It is the substance of the relief sought which counts," *Kruger*, 77 F.3d at 1073, and the only relief Petitioner seeks here is release from confinement, Filing No. 1 at 15—relief exclusively available from a habeas petition, *see Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005).

6

Any claims challenging the *conditions* of Petitioner's confinement, as opposed to the *fact* of his confinement, will be dismissed without prejudice to asserting them in a separate action pursuant to 42 U.S.C. § 1983, subject to the Prison Litigation Reform Act and other legal requirements. *See Dahl v. Miles*, No. 16-CV-3571, 2017 WL 3600397, at *6 (D. Minn. Aug. 20, 2017) (citing *Spencer*, 774 F.3d at 471). Accordingly,

IT IS ORDERED:

1. Petitioner's constitutional claims challenging the conditions of his confinement are dismissed without prejudice.

2. Petitioner is granted leave to file a supplement to his Petition. The supplement must:

    a. Be signed under penalty of perjury, and

    b. As to the commitment order Petitioner is challenging, state:

        i. When the commitment order of the Mental Health Board was signed and/or entered;

        ii. When Petitioner was told about or received a copy of the commitment order;

        iii. Whether Petitioner appealed the commitment order to the state district court and if so,
            - when that appeal was filed,
            - the district in which it was filed,
            - the outcome of the appeal to the district court, and
            - when the district court's order on appeal was entered;

        iv. If Petitioner appealed to the district court but disagreed with that court's ruling,
            - whether he appealed the district court ruling to the Nebraska Court of Appeals or Nebraska Supreme Court,
            - when that appeal was filed,
            - the outcome of that appeal, and
            - the date of that ruling; and

7

      v. If Petitioner's appeal from the district court was decided by the Nebraska Court of Appeals but Petitioner disagreed with the Court of Appeal's ruling,
- Whether he requested further review by the Nebraska Supreme Court and:
  - If further review was denied, the date of that denial, or
  - If further review was granted, an explanation of the Nebraska Supreme Court's ruling and the date that ruling was entered.

3. Petitioner's supplement to his Petition must be filed on or before **September 17, 2025**. Failure to timely file the supplement may result in dismissal without further notice.

4. The Clerk of Court shall set a pro se case management deadline with the following text: **September 17, 2025**—Deadline for filing supplement to the Petition.

Dated this 18th day of August, 2025.

                                            BY THE COURT:

                                            John M. Gerrard  
                                            Senior United States District Judge