IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SILAS GREY,

                 Petitioner,

     vs.

DON WHITMIRE,

                 Respondent.

**8:24CV80**

**MEMORANDUM AND ORDER**

This matter is before the Court on the preliminary review of the Petition for Writ of Habeas Corpus filed by Silas Grey ("Petitioner"). Filing Nos. 1 and 6.

## I. BACKGROUND

In support of his request for habeas relief, Petitioner alleges:

Petitioner is currently committed to the Norfolk Regional Center (NRC) in Norfolk, Nebraska. He began residing at the NRC on November 6, 2015. On March 18, 2022, he was convicted of two felony assaults and discharged from NRC to the Madison County Jail to await sentencing. He was sentenced to two years of imprisonment in the Nebraska Department of Correctional Services. When released from prison, Petitioner was involuntarily committed to the custody of the NRC as a dangerous sex offender. Petitioner asks this Court to set aside the commitment order and release him. Filing No. 1 at 15, 17.

After reviewing Petitioner's initial filing, Filing No. 1, the Court noted it appeared Petitioner never appealed the commitment order of the Mental Health Board which placed him in NRC custody. Petitioner was ordered to file a supplement which outlined the procedural background of the mental health commitment proceedings. The order clearly specified the information to be

included in the supplement. Filing No. 5. Petitioner filed a supplement, but that supplement provided no additional information. Filing No. 6.

Very liberally construed, Petitioner's filings may be alleging he is unable to provide the information demanded in the Court's prior order, Filing No. 5, because he was committed to the NRC without a court order or hearing, never received a copy of any order or notice that an order was entered, and/or never had an opportunity to appeal any order of commitment.

## II. PRELIMINARY REVIEW

Condensed and summarized, the following claims are potentially cognizable in federal court.

Claim One:        Petitioner was committed to the NRC without a court order in violation of the Due Process Clause.

Claim Two:        Petitioner was committed to the NRC without notice, an opportunity to be heard, or a hearing in violation of the Due Process Clause.

Claim Three:    Petitioner was denied an opportunity to appeal any order committing him to confinement at the NRC in violation of the Due Process Clause.

While these claims may be subject to federal review, the Court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1.    By **November 10, 2025**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **November 10, 2025**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2.    If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A.    The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B.    The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the Court by filing

3

a notice stating that she will not file a reply brief and that the motion is therefore fully submitted for decision.

F.   If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3.   If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.   By **November 10, 2025**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.   No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive

4

petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.    Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **December 10, 2025**: check for Respondent's answer and separate brief.

4.    No discovery shall be undertaken without leave of the Court. See Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 24th day of September, 2025.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge